## ORPHANS' COURT OF BALTIMORE CITY

Filed March 1, 1894.

IN THE MATTER OF THE ESTATE OF SARAH E. ALLCORN.

*James W. Denny* for caveators.

*Charles B. Hill* and *A. Morris Tyson* for the will.

LINDSAY AND EDWARDS, JJ.—

STATEMENT OF THE CASE.

The testatrix executed the following codicil:

CODICIL.

"BALTIMORE, June 10, 1885.

"I wish to bequeath as follows:

"One thousand dollars to the Aged Men's Home of the Methodist Episcopal Church, Mrs. F. A. Crook, President.

"One thousand dollars to each department of the Home of the Friendless, on Druid Hill avenue; say $1,000 for the Boys, and $1,000 for the Girls.

"Witness my hand and seal this day.
[Seal.]        "SARAH E. ALLCORN.

"Witness—H. C. GRIFFIN,
        "A. M. CARTER."

On the 7th of November, 1891, A. M. Carter, Esq., appeared before the Register of Wills and made oath that he did not know of any will or codicil except the above; but that he believed the will to which the above is a codicil, is still in existence, but does not know where it is. A caveat was filed to this codicil, alleging that the testatrix was not capable of making a valid deed or contract, and the Court, after hearing the case, filed the following opinion:

"This matter comes before the Court by *caveat,* with the allegation that the said Sarah E. Allcorn *was insane* and not capable of making a valid will and testament.

"This caveat is answered by the legatees, *denying* the allegations, and claiming that the said Sarah H. Allcorn was *fully competent* to make a will, and that the said will was executed in due form of law; also, that the will should be admitted to probate, and demanding *full proof* to the contrary.

"The paper filed in the Court for probate purports to be *a codicil,* but no reference is made in it to its being a codicil of any former will, and it is admitted by both sides that no other paper or writing in the nature of a will has been found.

"The testimony before the Court in the case is very meagre, but from what has been given it is shown that the decedent was an old lady about 88 years of age. Also, that she was very peculiar in her habits, and had been

so for years, but that she attended to her own business affairs, depositing and drawing money from bank; also, that she knew all of her relatives; also, that she boarded with one of them, paying her board herself.

"It was proven by one witness that she had given orders to draw money from bank, and that these orders were accepted and honored.

"Some testimony was introduced showing her peculiarities *prior* to the execution of the will (the date of will being June 10th, 1885); but there was no testimony offered as to the condition of her mind at the time the will was made, *other* than one witness, who testified 'that from what he knew of the decedent between the years 1881 and 1885 he would not have made a contract with her,' which allegation was qualified by the further statement, unless in the presence of responsible witnesses.

"This evidence is not *sufficient proof* in the opinion of the Court to establish the allegation of *unsound mind* in the decedent, and the Court is of the opinion that the paper offered as the last will and testament of Sarah E. Allcorn *is a legal will* and should be admitted to probate."